[No. 4550.  Decided September 21, 1903.]

## CLARENCE D. HILLMAN, *Appellant,* v. CITY OF SEATTLE, *Respondent.*[1]

INJUNCTION—RESTRAINING ENFORCEMENT OF PENAL ORDINANCE. Injunction against the enforcement of a penal ordinance not a police regulation, which affects valuable property rights, may be maintained where otherwise resort to the criminal courts would be required to test the validity of the law.

MUNICIPAL CORPORATIONS—ORDINANCES—REGULATION OF PLATTING ADDITIONS TO CITY—VALIDITY. The fact that a section of a municipal ordinance regulating the filing of plats of additions affects lands outside the city does not invalidate the remainder as to lands within the city.

SAME—DISCRETION OF CITY COUNCIL—ULTRA VIRES. The Seattle municipal code of 1892, §§ 747-750, requiring plats of city additions to be approved by the city council if, upon report by the city engineer, the streets are found to coincide with other streets in the city, vests discretionary powers in the council, and does not absolutely require that they shall so coincide, and injunction will not lie to restrain the enforcement of the ordinance as ultra vires, or because the council may abuse its discretion, unless compliance is made impossible or unreasonable by the council's construction thereof.

SAME—REGULATIONS AS TO PAYMENT OF TAXES. An ordinance making the payment of city taxes a prerequisite to the filing of any plat as an addition to the city is not an unreasonable regulation.

SAME—COMPLAINT—SUFFICIENCY. A complaint to enjoin the enforcement of an ordinance regulating the filing of plats of additions to the city is insufficient when it fails to allege the necessary preliminary steps for approval of a plat, since it may be finally approved by the council.

SAME—TITLE OF ORDINANCE. The objection that the title of an ordinance is not broad enough to include the penalty, will not be considered in a suit to enjoin its enforcement, when it does not affect other portions of the act.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 6, 1902, upon sus-

1Reported in 73 Pac. 791.

taining a demurrer to the complaint, dismissing an action to enjoin the enforcement of a municipal ordinance regulating the platting of additions to the city. Affirmed.

*Frederick R. Burch,* for appellant. The validity of the ordinance may be attacked in a proceeding for an injunction by any party whose interests are injuriously affected. *Deems v. Mayor of Baltimore,* 80 Md. 164, 30 Atl. 648, 45 Am. St. 339, 26 L. R. A. 541; *Page v. Mayor of Baltimore,* 34 Md. 558; *Holland v. Mayor of Baltimore,* 11 Md. 186, 69 Am. Dec. 195; *Port of Mobile v. Louisville & N. R. Co.,* 84 Ala. 115, 4 South. 106, 5 Am. St. 342; *Wood v. Brooklyn,* 14 Barb. 425; *Austin v. Austin City Cemetery Ass'n,* 27 Tex. 330, 27 S. W. 528, 47 Am. St. 114; *Atlanta v. Gates City Gas Light Co.,* 71 Ga. 106; *Platte etc. Milling Co. v. Lee,* 2 Colo. App. 184, 29 Pac. 1036. The city must act within a power clearly and expressly conferred. *Tacoma Gas etc. Co. v. Tacoma,* 14 Wash. 288, 44 Pac. 655. It is impossible to literally comply with the ordinance and it is invalid as arbitrary or oppressive. Dillon, Munic. Corp. (4th ed.) §§ 55, 319-20, 328; *Wygant v. McLauchlan,* 39 Ore. 429, 64 Pac. 867, 87 Am. St. 673, 54 L. R. A. 636; *St. Paul v. Laidler,* 2 Minn. 190, 72 Am. Dec. 89; *Kip v. Mayor etc. of Patterson,* 26 N. J. L. 298; *Phillips v. Denver,* 19 Colo. 179, 34 Pac. 902, 41 Am. St. 230. The ordinance should be so definite and certain as to leave no reasonable doubt of its scope and application. *McConville v. Mayor etc. of Jersey City,* 39 N. J. L. 38; *State v. Clark,* 69 Conn. 371, 37 Atl. 975, 61 Am. St. 45, 39 L. R. A. 670; *San Francisco Pioneer etc. Factory v. Brichwedel,* 60 Cal. 166. It is invalid as in contravention of common right and in restraint or prohibition of trade. *Los An-*

*geles County v. Hollywood Cemetery Ass'n,* 124 Cal. 344,
57 Pac. 153, 71 Am. St. 75; *Yick Wo v. Hopkins,* 118
U. S. 356, 6 Sup. Ct. 1064; *St. Paul v. Laidler, supra;*
*Ex parte Sing Lee,* 96 Cal. 354, 31 Pac. 245, 31 Am. St.
218, 24 L. R. A. 195; Dillon, Munic. Corp. §§ 319, 321n,
323–6, 390, 398.

*Mitchell Gilliam* and *William Parmerlee,* for respond-
ent.     Injunction is not the proper remedy to test the
validity of penal ordinances. . *Kansas City Cable Co. v.
Kansas City,* 29 Mo. App. 89; *Holderstaffe v. Saun-
ders,* 6 Mod. 16; *Davis v. American Society etc.* 75 N.
Y. 362; *In re Sawyer,* 124 U. S. 200, 8 Sup. Ct. 482;
*Hemsley v .Myers,* 45 Fed. 283; *Davis etc. Mfg. Co.
v. Los Angeles,* 115 Fed. 537; *Denver v. Beede,* 25 Colo.
172, 54 Pac. 624; *Golden v. Guthrie,* 3 Okl. 128, 41
Pac. 350; *Ewing v. Webster City,* 103 Iowa 226, 72
N. W. 511; *Poyer v. Village of Desplaines,* 123 Ill. 111,
13 N. E. 819, 5 Am. St. 494; *Paulk v. Sycamore,* (Ga.)
47 Cent. L. J. 253.     The ordinance is a reasonable and
valid police regulation.     *Gundling v. Chicago,* 176 Ill. 340,
52 N. E. 44; *S. C.,* 177 U. S. 193, 20 Sup. Ct. 633.

PER CURIAM.—Plaintiff was the owner of certain lands
within the city limits of the city of Seattle, and was en-
gaged in the business of platting and recording and sell-
ing lots therein.     The complaint alleges that he platted
certain of said lands into lots and blocks, and presented
said plat to the city council for its approval, and that the
city council, acting under the authority of ordinance No.
2593, entitled "An ordinance to regulate the manner and
form of making and approving and filing plats of addi-
tions or subdivisions of land within the city, and plats of
additions to the city of Seattle within and without the
city," refused to approve the same, for the alleged reason

that the conditions precedent, as provided in said ordinance, had not been complied with; and the city threatened to prosecute said plaintiff if he filed said plat with the county auditor without its said approval. Plaintiff brought this action to enjoin the enforcement of said ordinance against him, on the ground that the same was *ultra vires,* void, and inoperative, and that its enforcement would seriously damage him in his said business. A demurrer to the complaint or petition was sustained, and the action dismissed. Plaintiff appeals.

Respondent maintains strenuously that injunction will not lie to prevent the enforcement of a penal ordinance, and, as a general rule, this is admitted to be true, especially with regard to the enforcement of strictly police regulations; but it is insisted by appellant that this is not a police regulation, notwithstanding a penalty is fixed for each violation thereof. The great difficulty of passing upon the constitutionality of an ordinance or statute in a proceeding to prevent its enforcement is that it compels the court and council to anticipate in a great measure its possible effects on individual rights and constitutional safeguards, and decisions under such circumstances could hardly be taken as reliable precedents for future cases. It seems to us, however, that a person who has valuable property rights at stake ought not to be required or expected to submit to the odium of being dragged into a criminal court before being permitted to take steps to protect these rights. But the court will not, in an action of this kind, pass upon any more of said ordinance than is squarely before it and absolutely necessary to a decision of the case. The parts of the ordinance complained of are §§ 747, 748, 749 and 750 of the Municipal Code of 1902, and are as follows:

"§ 747. Before any plat of any addition or subdivision of any land within the limits of the city of Seattle, or any plat purporting to embrace an addition to the city of Seattle, whether covering lands within or without the city limits, shall be filed for record in the office of the Auditor of King county, such plat shall be first submitted by the person or persons making the same to the city council for approval.

"§ 748. When any such plat is so submitted to the City Council the same shall be referred to the City Engineer and thereupon it shall be the duty of the City Engineer to examine the same and to make such actual surveys of the land described in the plat as will enable him to certify to its correctness and to report to the City Council the matters specified in this section. The City Engineer shall report to the City Council whether the streets and alleys marked on such plat are of proper width and coincide with other streets and alleys, or extensions of the same, abutting on the land so platted, and whether the same is in accordance with the requirements of this ordinance. If the City Engineer finds that such plat complies with the requirements of this ordinance, he shall certify his approval thereon in writing. Before examining any such plat or making surveys thereof, the City Engineer shall estimate the cost of such surveys, and the person or persons making such plat shall thereupon deposit with the City Treasurer the amount of such estimate, which shall be retained by the City Treasurer as a special deposit, and after such surveys have been completed the City Engineer shall certify to the City Treasurer the actual cost thereof. If the sum deposited exceeds the actual cost, the surplus shall be returned to the person or persons paying the same, and if such deposit is less than the actual cost, the person or persons making the plat shall pay to the City Treasurer such deficiency before the plat is approved.

"§ 749. Every such plat shall be properly executed and acknowledged by the owners of the land covered thereby in the manner prescribed by the laws of the state.

Each plat shall state the course of the lot, block and street lines shown thereon with reference to the city standard meridian, as fixed by ordinance, so that such lines can be accurately located. No plat shall be approved of any addition or subdivision the land forming which or any part of which is subject to lien for any city tax or assessment of any nature.

"§ 750. When such plat so submitted, as herein provided, is reported back to the City Council by the City Engineer and is found to be in conformity with the general plan of the city, and it is found that the streets and alleys thereon marked are of proper width and coincide with other streets and alleys or extensions of the same abutting on the land so platted, and that such plat in all respects complies with the requirements of this ordinance and is otherwise correct and proper and satisfactory to the City Council, the City Council shall by ordinance approve such plat."

The first section above quoted is attacked upon the ground that it attempts to legislate upon the status of lands lying without the limits of said city, but, as there seems to be no controversy involving lands lying without the city limits, to hold that section void would not avail appellant anything, and would not render invalid the remainder of the ordinance.

The second section is complained of because, as alleged in the complaint, "it makes it incumbent upon a party desiring to plat a piece of ground either within or without the city limits to make the streets and alleys marked on such plat of proper width and coincide with other streets and alleys or extensions of the same abutting on the lands so platted."

Literally the section does not so read, and could, in any event, only be held to require that the streets and alleys should coincide with other streets and alleys abutting on the same as near as may be. The section does not re-

quire absolutely that the streets and alleys shall coincide with other streets and alleys in either location or width, but provides that the city engineer shall report as to whether they do or not. It is not unreasonable to hold that it was the purpose of the section to require the engineer to examine a plat and make such survey and measurements as might be necessary to determine whether the streets and alleys were of the width and courses, and the lots and blocks of the size, that they purported upon the plat to be; and, until the city authorities put a construction upon the section with which compliance would be impossible, or which is unreasonable in its application to plaintiff's property, he ought not to be heard to complain. We cannot assume in advance that the council will do so.

The provision of the third section referring to the payment of city taxes upon property sought to be platted into lots and blocks is certainly not an unreasonable regulation and is strictly in line with the policy laid down by the legislature in §§ 1262, 1263, Bal. Code, making the payment of the state and county taxes a prerequisite to the filing with the county auditor of any plat of an addition to the city. The complaint does not allege the payment of the tax mentioned in the third section, or of the state and county taxes. It is evident also that the plat has not been referred to the city engineer, and that he has not made a report upon the same. It may meet with the entire approval of the council when it once gets before it, and, simply because the ordinance vests in the council certain discretionary powers, we cannot assume that the council will abuse that discretion by exacting any unreasonable conditions precedent to its approval, when the plat is finally brought before it.

Something is said in appellant's brief to the effect that the title of the ordinance is not broad enough to include the penalty provided for its violation; but however that may be, it will not affect the remainder of the ordinance, and is not necessary to a decision of this case.

The judgment is affirmed.